IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| N.L.H., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:22-cv-00122-TES-CHW |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | Social Security Appeal |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

The above-styled case came before the Court as an appeal of the Commissioner of Social Security's decision to deny benefits for N.K.H., the daughter of Claimant, N.L.H., who appeared *pro se*. (Doc. 1). On the Commissioner's motion (Doc. 15), the Court reversed and remanded the case for further consideration pursuant to sentenced four of 42 U.S.C. § 405(g). (Doc. 18). Judgment was entered on January 18, 2023. (Doc. 19).

Now pending before the Court is *pro se* Claimant's motion for reconsideration (Doc. 22), wherein it appears that the case went back before an ALJ for rehearing, which resulted in another unfavorable opinion being issued on March 11, 2024. (Doc. 22-1). Claimant appears to be appealing the latest unfavorable decision by filing a motion for reconsideration in the remanded and closed case. This is not the proper way to disagree or appeal the March 2024 unfavorable decision. First, the Court has no authority to consider the motion for reconsideration because a district court does not retain jurisdiction of a social security appeal following a sentence-four remand. *See, e.g.*, *Kleja v. Barnhart*, 220 F. Supp. 2d. 1330, 1335 (M.D. Fla. Feb. 14, 2002) (citing *Jackson v. Chater*, 99 F.3d 1086, 1089, 1095 (11th Cir. 1996). Second, the March 2024 unfavorable decision is not ripe for a district court's consideration. As noted in the

1

correspondence accompanying the unfavorable decision, the next step in the process is for Claimant to submit written exceptions to the unfavorable decision to the Appeals Council at the address or fax number provided <u>within 30 days of the unfavorable decision</u>. (*Id*., p. 1); *see also, e.g.*, 20 C.F.R. § 404.900(b) ("…If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show use that there was good cause for your failure to make a timely request for review."). If Claimant later disagrees with the Appeal Council's decision and seeks judicial review of that decision, a *new* complaint may be filed with the district court. That action will be a new and separate appeal from the above-styled action.

For the reasons explained above, the Court has no jurisdiction at this time over the ALJ's latest unfavorable decision. Therefore, Claimant's motion for reconsideration (Doc. 22) is **DIMISSED for lack of jurisdiction**. If Claimant disagrees with the latest decision issued by the ALJ, Claimant must follow the process explained in the ALJ's correspondence dated March 11, 2024. (Doc. 22-1, p. 1).

**SO ORDERED**, this 25th day of March, 2024.

                                            s/ Charles H. Weigle_____
                                            Charles H. Weigle
                                            United States Magistrate Judge